The Vice-Chancellor.
devise of the real estate, is palpably void, in consequence of its suspending the absolute power of alienation contrary to law.
There is an implied power conferred by the will, first on the widow, and on her marrying, then upon the other two executors, to receive the rents and profits, and apply them in the manner designated. This power was obviously intended to be co-equal with the limitation of the real estate itself, and was therefore to continue until the youngest child became of age. It is a part of the testator’s general scheme, that the estate should be kept entire until that time, and that it should then vest in possession in his surviving children. The trust power must consequently, fall with the general devise.
The real estate must be deemed to have descended to the four children at the death of the testator, and they were entitled to its immediate possession. As the executors acted in confidence of the validity of the will, their proceedings within its fair scope, must be upheld.
In regard to the account said to have been taken before the surrogate, their dealings in respect of the real estate, were in their capacity as trustees of the power, and not as executors. The subject was not within the jurisdiction of the surrogate, unless perhaps by the consent of parties; and these infants were not capable of giving their assent. Nevertheless, I will leave it to the master, to whom the accounting will be referred, to adopt the result before the surrogate, if in his opinion the *417 rights of the infants were properly secured there, and will not be prejudiced by that course.
The directions sought as to the future application of the income, will be more appropriate in the order appointing a general guardian.
There must be a decree declaring the devise and the trust powers to be void, and directing the trustees to deliver the real estate to the general guardian, and to account for the rents and profits since the death of the testator.